# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| Lance Dean Shepardson, *on behalf of himself and all others similarly situated*, | Civil Action No.: 3:20-cv-81 |
| Plaintiff, | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| LawnStarter, Inc., | |
| Defendant. | |

For his Class Action Complaint, Plaintiff, Lance Dean Shepardson, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, Lance Dean Shepardson ("Plaintiff"), brings this class action for damages resulting from the illegal actions of LawnStarter, Inc. ("LawnStarter" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed automated text messages to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. LawnStarter is an online marketplace for consumers to find and hire lawn care professionals.

3. As part of its business, LawnStarter collects consumers' cellular telephone numbers and then bombards them with automated text messages, even after the consumers ask LawnStarter to "Stop" sending the messages and after falsely claiming that "No more messages will be sent."

4. Plaintiff is one such consumer. After receiving a number of automated messages

from LawnStarter, Plaintiff repeatedly messaged LawnStarter to "Stop" sending the messages.

5. Each time Plaintiff messaged LawnStarter to "Stop" sending him messages, LawnStarter responded by messaging Plaintiff that he was "unsubscribed from Lawn Starter Alerts" and that "No more messages will be sent."

6. Nonetheless, LawnStarter continued to send Plaintiff identical subsequent automated text messages thereafter.

7. Plaintiff seeks relief for himself and all others similarly situated for LawnStarter's unlawful behavior.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

9. Subject matter jurisdiction exists under 28 U.S.C. § 1332(d)(2), as Plaintiff seeks up to $500 in damages for each violation of the TCPA, which when aggregated among a proposed class numbering more than a thousand members, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Plaintiff also alleges a national class which will result in at least one class member residing in a different state.

10. The Court has personal jurisdiction over LawnStarter because the acts that give rise to Plaintiff's claims occurred within this District, including Plaintiff's receipt of LawnStarter's text messages that form the basis of Plaintiff's TCPA claims.

11. Venue is proper in this District in that Plaintiff resides within this District and received the text messages that form the basis of Plaintiff's claims within this District.

## PARTIES

12. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Charlotte, North Carolina.

2

13. LawnStarter is a Texas company with its principal place of business located at 814 San Jacinto Boulevard, Suite 206, Austin, Texas 78701.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

14. The TCPA regulates, among other things, the use of automated telephone dialing systems.

15. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

16. Within the last year, LawnStarter began placing automated text messages to Plaintiff's cellular telephone, number (980) XXX-5831

17. The messages were sent from SMS short code 64900.

18. Plaintiff repeatedly messaged "Stop" to LawnStarter in order to get it to stop sending him automated text messages.

19. Each time Plaintiff messaged "Stop," LawnStarter responded by claiming that Plaintiff was "unsubscribed from Lawn Starter Alerts" and "No more messages will be sent."

20. However, notwithstanding Plaintiffs' repeated requests and LawnStarter's promises to the contrary, LawnStarter continued to send automated text messages to Plaintiff's cellular telephone.

21. True and correct copies of some of the text messages are reproduced below:









22. The messages LawnStarter sent to Plaintiff were identical to one another, and were near-identical to text messages LawnStarter sent to other consumers.

23. The language in the messages was automatically generated from a template without any actual human intervention in the drafting or sending of the messages; near-identical messages were sent to thousands of other consumers.

24. The telephone system LawnStarter used to send the messages constitutes an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

25. To send the messages, LawnStarter stored Plaintiff's cellular telephone number in its text messaging system with thousands of other consumers' telephone numbers and then automatically sent identical messages *en masse* to Plaintiff and thousands of other consumers at the same time.

26. No human directed any single text message to Plaintiff's number.

27. In addition, upon information and belief the hardware and software combination utilized by LawnStarter has the capacity to store and dial sequentially generated numbers, randomly generated numbers or numbers from a database of numbers.

28. After Plaintiff messaged LawnStarter to "Stop" messaging him, LawnStarter did not have Plaintiff's prior express consent to place automated text messages to Plaintiff on his cellular telephone.

29. Plaintiff's time was wasted tending to LawnStarter's text messages sent after he expressly asked LawnStarter to "Stop" sending the messages.

30. Moreover, LawnStarter's post-Stop messages annoyed and frustrated Plaintiff.

31. Receipt of Defendant's unauthorized messages drained Plaintiff's phone battery and caused Plaintiff additional electricity expenses and wear and tear on his phone and battery.

32. Defendant did not place the text messages for an emergency purpose.

## CLASS ACTION ALLEGATIONS

A. **The Class**

33. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

34. Plaintiff represents, and is a member of the following class:

**All persons within the United States to whom LawnStarter or its agent/s and/or employee/s sent a text message to said person's cellular telephone through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint, after said person had previously messaged "STOP," "Stop" or "stop" to LawnStarter.**

35. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

B. **Numerosity**

36. Upon information and belief, Defendant has placed automated text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States, after receiving messages asking it to "Stop." The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

37. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

C. **Common Questions of Law and Fact**

38. There are questions of law and fact common to the Class that predominate over

9

any questions affecting only individual Class members. These questions include:

    a. Whether Defendant sent text messages to Plaintiff and Class members' cellular telephones using an ATDS;

    b. Whether Defendant can meet its burden of showing it obtained prior express consent to send each text message;

    c. Whether Defendant's conduct was knowing, willful, and/or negligent;

    d. Whether Defendant is liable for damages, and the amount of such damages; and

    e. Whether Defendant should be enjoined from such conduct in the future.

39. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places automated text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. **Typicality**

40. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. **Protecting the Interests of the Class Members**

41. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

### F. Proceeding Via Class Action is Superior and Advisable

42. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against LawnStarter is small because it is not economically feasible for Class members to bring individual actions.

43. Management of this class action is unlikely to present any difficulties. Several courts have certified classes in TCPA actions. These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

### COUNT I
### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

44. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

45. Defendant negligently placed multiple automated text messages to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

46. Each of the aforementioned messages by Defendant constitutes a negligent violation of the TCPA.

47. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each text message placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

49. Plaintiff and the Class are also entitled to and do seek a declaration that:

   a. Defendant violated the TCPA;

   b. Defendant utilized an ATDS to message Plaintiff and the Class; and

   c. Defendant placed automated text messages to the Plaintiff and the Class without prior express consent.

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

50. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

51. Defendant knowingly and/or willfully placed multiple automated text messages to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

52. Each of the aforementioned messages by Defendant constitutes a knowing and/or willful violation of the TCPA.

53. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each message in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

55. Plaintiff and the Class are also entitled to and do seek a declaration that:

   a. Defendant knowingly and/or willfully violated the TCPA;

   b. Defendant knowingly and/or willfully used an ATDS to send text messages to Plaintiff and the Class;

    c. Defendant willfully placed automated text messages to non-customers such as Plaintiff and the Class, knowing it did not have prior express consent to do so; and

    d. It is Defendant's practice and history to place automated and text messages to borrowers without their prior express consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;
2. Declaratory relief as requested;
3. Statutory damages of $500.00 for each and every message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
4. Treble damages of up to $1,500.00 for each and every message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);
5. An award of attorneys' fees and costs to counsel for Plaintiff; and
6. Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 7, 2020

                                            Respectfully submitted,

                                            By */s/ Lawrence B. Serbin*

                                            Lawrence B. Serbin, NC Bar# 38493
                                            LAW OFFICES OF JASON E. TAYLOR, P.C.
                                            PO Box 2688
                                            Hickory, NC 28603
                                            Telephone: 800-351-3008
                                            Facsimile: 704-676-1094
                                            lserbin@jasonetaylor.com

Sergei Lemberg (*phv admission forthcoming*)
Stephen Taylor (*phv admission forthcoming*)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

*Attorneys for Plaintiff*